## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORDELL SANDERS, #R41346,     )
      )
      Plaintiff,   )
      )
     vs.     )     Case No. 3:25-cv-00517-MAB
      )
DEANNA BROOKHART     )
and J. BROWN,     )
      )
      Defendants.   )

## MEMORANDUM AND ORDER

Plaintiff Cordell Sanders, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Menard Correctional Center, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff brings a claim for denial of access to programs that allowed him to "earn program sentence credit" (EPSC) at Lawrence Correctional Center. *Id.*

The Complaint is before the Court for screening under 28 U.S.C. § 1915A.[1] Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *Id.* The factual allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

## THE COMPLAINT

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 1-3): While he was incarcerated at Lawrence Correctional Center, Plaintiff was housed in the infirmary (September 2022 to July 2023), 5 House (September 2023 to November 14, 2023), and 7 House (November 14, 2023 to April 2024). *Id*. at 2-3. He was considered part of the general inmate population for some, or all, of this time. *Id*. at 3.

Warden Deanna Brookhart and Assistant Warden J. Brown allowed general population inmates housed in 1 House, 2 House, 3 House, or 4 House to participate in a range of programs that enabled them to "earn program sentence credit" (EPSC). These programs included, but were not limited to, substance abuse education, vocational training, behavioral modification, GED, life skills, re-entry planning, and anger management. Successful completion of an EPSC program entitled an inmate to sentence credit that directly reduced the length of the inmate's prison sentence. Plaintiff claims that he was denied participation in the EPSC programs while housed in all three locations, for no rational penological reason. As a result, he was ineligible to earn sentence credit that might have reduced his prison sentence by up to two years. *Id*.

Plaintiff filed a grievance to challenge the EPSC policy as discriminatory on November 14, 2023. Plaintiff complained that he was denied access to EPSC programs and rendered ineligible for sentence credit as a general population inmate in the infirmary, 5 House, and/or 7 House when general population inmates housed elsewhere could participate. He seeks money damages against Warden Brookhart and Assistant Warden Brown under the Fourteenth Amendment Equal Protection Clause. *Id*.

DISCUSSION

The Court designates the following count in the *pro se* Complaint:

Count 1:    Defendants violated the Fourteenth Amendment Equal Protection
Clause when they denied Plaintiff participation in the EPSC
programs as a general population inmate housed in the infirmary,
5 House, and 7 House, while allowing general population inmates
housed in 1-4 House to participate in EPSC programs.

**Any other claim that is mentioned in the Complaint but not addressed here is
considered dismissed without prejudice as inadequately pled under *Twombly*.[2]**

The Fourteenth Amendment forbids states to "deny any person within its
jurisdiction the equal protection of the laws." U.S. CONST. XIV. The Equal Protection
Clause guards against state action that treats a person poorly because of a suspect
classification, such as sex, national origin, race, or religion, or because the person
exercised a fundamental right. *Abcarian v. McDonald*, 617 F.3d 931 (7th Cir. 2010). Here,
Plaintiff does not allege that he was a member of a protected class. Moreover, there is no
fundamental constitutional right to education or rehabilitation. *San Antonio Indep. Sch.
Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973) ("Education, of course, is not one of the rights
afforded explicit protection under our Federal Constitution. Nor do we find any basis for
saying it is implicitly protected."); *Smith v. Severn*, 129 F.3d 419, 429 (7th Cir. 1997) (The
"right to an education [is] not guaranteed, either explicitly or implicitly, by the
Constitution and therefore could not constitute a fundamental right."). This does not

___

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead
"enough facts to state a claim to relief that is plausible on its face").

mean that Plaintiff is without recourse for the allegedly discriminatory access to education and rehabilitation programs at Lawrence.

Absent a fundamental right or membership in a suspect class, equal protection requires that a classification resulting in unequal treatment bear some rational relationship to a legitimate state purpose. *French v. Heyne*, 547 F.2d 994, 997 (1976) (citing *Wojick v. Levitt*, 513 F.2d 725 (7th Cir. 1975)). The requirements of equal protection "apply to administrative as well as legislative classifications." *French*, 547 F.2d at 997. These requirements extend into the prison context. *Fletcher v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). Prison officials may treat inmates differently if the treatment is rationally related to a legitimate penological interest. *Id*. (collecting cases). "Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *Id*.

At the time his claim arose, Plaintiff was a general population inmate who was housed in the infirmary, 5 House, and 7 House and was denied access to EPSC programs, while general population inmates housed elsewhere had access to the EPSC programs. Plaintiff alleges that this policy changed when Warden Brookhart left the facility in May 2024. *See* Doc. 1, p. 3. After that time, general population inmates in 5 House and 7 House were also allowed to participate in EPSC programs. *Id*. It is not clear why general population inmates in 1-4 House had access to EPSC programs at all times, while those in other housing units did not. At this stage of the case, the Court cannot conceive of any reason. The allegations, taken as true, suggest that there was no rational basis for distinguishing between the two groups of general population inmates. At this stage, the

Complaint articulates a plausible claim of discrimination against Defendants under the Fourteenth Amendment Equal Protection Clause. Accordingly, Count 1 shall proceed against Defendants Brookhart and Brown.

DISPOSITION

The Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, and **COUNT 1** will proceed against **DEANNA BROOKHART** and **J. BROWN**.

With regard to **COUNT 1,** the Clerk of Court shall prepare for **DEANNA BROOKHART** and **J. BROWN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to

the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and SDIL-Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 5, 2026**

**/s/ Mark A. Beatty**
**MARK A. BEATTY**
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond

6

to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.